THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* EDMUND LANCE, Defendant.

County Court, Broome County, March 18, 1953.

*Robert E. Fischer, District Attorney (Louis M. Greenblott* of counsel), for plaintiff.

*Kenneth Whiting* for defendant.

THOMAS, J.  The petitioner, Edmund Lance, filed a petition with this court in a proceeding in the nature of *coram nobis,* in an application to set aside his conviction for a crime of sodomy, first degree, in County Court on the 30th day of June, 1939, on the ground that at the time of his conviction he was not advised by the court as to his right of counsel.  At the request of the petitioner the court assigned counsel, and set the matter down for hearing.  The District Attorney of Broome County, at the suggestion of the court, obtained a Supreme Court order directing that the petitioner be returned to Broome County to testify in the proceeding.  At the request of petitioner's counsel, and with the consent of the District Attorney, the hearing was held on the 27th day of August, 1952.

The petitioner testified in his own behalf and stated: that he was arraigned on the indictment on the 30th day of June, 1939, before Hon. THOMAS A. MACCLARY, at that time Broome County Judge (now deceased); that he entered a plea of guilty and that at no time did the court advise him that he was entitled to the benefit of counsel.

There were called as witnesses, the Broome County Court stenographer who took the minutes at the arraignment, the clerk of the court, the assistant district attorney who was present at the arraignment, and there was also introduced in evidence a card record which contained the heading " Criminal Index ", taken from the files of the Broome County Judge's office.  This card was in the nature of a printed form, containing certain spaces opposite printed words, in which certain information was supplied relative to the arraignment of the defendant.  Under the printed word " Defendant " appears the name " Edmund

Lance '' and in the opposite right-hand corner appears the Indictment No. '' 514 ''. Opposite the printed word '' Charge '', appears '' Sodomy '' and written in ink opposite the printed word '' Arraigned '' is written '' 6/30/39 ''. Opposite the printed word '' Plea '', written in ink, is the word ''Guilty '', and opposite the word '' Sentence '', written in ink, are the words '' 7/14/39 Elmira Reformatory ''. Opposite the printed word '' Attorney '', written in ink, are the words '' None desired ''.

It appears from the testimony of William A. O'Loughlin that he was acting as court stenographer at the time of the arraignment and that he took the proceedings in court at the time of the arraignment of the said Edmund Lance but he is unable to find his notes because of the fact that a long period of time has elapsed and they have been destroyed. That he did not recall what took place in reference to whether or not the defendant, Edmund Lance, had been informed of his right to counsel. It appears from the testimony of the assistant district attorney, John Normile, Esq., that he was in court at the time of the arraignment. He verified this by the fact that notations, in his handwriting, made at the time of the arraignment were on the envelope containing the file on the case of Edmund Lance. Mr. Normile's testimony is that he could not recall what took place at the time of the arraignment of the defendant, Edmund Lance, but he testified that he had acted as assistant district attorney for several years and during said period was present at the arraignment of a number of defendants and never at any time, at any arraignment held before Judge MacClary, had Judge MacClary failed to advise a defendant appearing before him of his right to counsel. Mr. George Coutant, clerk of the Broome County Court, was also called and it appears from his testimony that he was acting as clerk of the court at the time of the said arraignment but he was unable to state what actually took place at the time of this particular arraignment, but it was a practice of Judge MacClary to always advise a defendant on arraignment of his right to counsel. It further appears from the testimony of the said clerk, and is within the judicial knowledge of this court, that a practice was instituted by the Hon. Thomas A. MacClary, some time prior to this conviction, whereby the County Judge at the time of an arraignment in a criminal case, filled out, in his own handwriting, a criminal index card of the same type as the exhibit offered in evidence by the People. The practice is still continued and the card records are retained in files in the office of the Broome County

Judge. The witness, George Coutant, testified that he was familiar with the handwriting of Judge MacClary and the written portions of the card were in Judge MacClary's handwriting.

The prosecution moved to amend the County Court minutes relating to the judgment of conviction, to include the information on Judge MacClary's card as part of the court minutes. The court reserved decision on this motion. Others testified as to the writing on this particular card as being that of Judge MacClary. Doris Chase, the present clerk to the County Judge, testified as to the card in question as being kept in an index in the office which index was in the office at the time she took over and which index is still continued and such cards continue to be made out in connection with arraignments and are retained. That all these cards made out have been kept in this index file since she has been acting as clerk to the Judge and that the others were in this file at the time she came into this office.

The clerk's minutes did not contain any information as to whether or not the defendant was advised of his right to counsel on his arraignment on June 30, 1939. On examination of the defendant-petitioner, he could not recollect the circumstances of his arraignment before Justice of Peace Beatty, when he was first arrested, nor what occurred there at that time. Nor could he remember too distinctly what occurred on his arraignment except that he was very definite in his statement that he was not advised of his right to counsel. The defendant-petitioner did not appear too convincing in his testimony and the credibility of this witness is the real issue on this application.

As against the defendant's testimony, there is the evidence of the assistant district attorney, John Normile, that he had never attended an arraignment before Judge MacClary that the said Judge did not inform the defendant appearing before him of his right to counsel, and that he, the said John Normile, was in attendance at the time this defendant was arraigned. Other witnesses bear out the testimony of the said John Normile, assistant district attorney, in reference to the fact that Judge MacClary advised defendants appearing before him of their right to counsel.

Assuming that the card marked " Criminal Index " is admissible in evidence, and the court does so find and admits it on the basis that it is a record of original entry made at the arraignment and entitled to be admitted as a part of the proceeding of the said arraignment, then the defendant was certainly properly arraigned. After the printed word " Attorney " there is

written in, in the handwriting of Judge MacClary in ink, the words " None desired " which could only have been made at the time of the plea after the court discussed the matter with the defendant and informed him of his right to be represented by counsel and the entry appearing would not have been made if the defendant had not waived such right. The presumption of regularity in this case has not been overcome.

The District Attorney's motion to amend the County Court minutes of June 30, 1939, to include the statement referred to as the " Criminal Index Card " is hereby granted.

The court finds the defendant was properly arraigned and advised of his right to counsel and the petition to set aside the conviction should be dismissed. Order may be presented accordingly.